## 9342

### SIMPSON v. MILLS MFG. CO.

#### (88 S. E. 288.)

1. PARENT AND CHILD—EMPLOYMENT OF CHILD—ACTION FOR PENALTY—COMPLAINT.—Under a complaint, in an action under the statute for actual and punitive damages, alleging that plaintiff, a widow, was the mother of a son, 17 years of age, who had been employed by defendant at day wages; that plaintiff directed defendant to cease employment of her minor son, which instruction defendant disregarded, without allegation as to loss of time and affection, companionship, or enticement, plaintiff was only entitled to recover the statutory penalty, and was not entitled to recover punitive damages.

2. PARENT AND CHILD — EMPLOYMENT OF MINOR — ACTION — INSTRUCTIONS.—In such action, instructions that it must be shown that defendant was notified that plaintiff was ready and willing to provide the son with support consistent with his earning power, that the jury should consider such additional amount in addition to the minor's wages as would compensate the parent for the loss of his society, and that if plaintiff consented to his continuance in defendant's employ she could not recover unless she thereafter gave notice of her objection, in which case the defendant ought to have discharged him, were erroneous, because not responsive to the allegations of the complaint.

Before PRINCE, J., Greenville, June, 1915. Reversed.

FOOTNOTE.—As to common law action by parent for enticement of minor from him, see *Webb* v. *So. Ry. Co.*, 103 S. C. —, 88 S. E. 297, and references in footnote.

Action by Mary Simpson against the Mills Manufacturing Company. Judgment for plaintiff, and defendant appeals.

Exceptions 3, 4 and 5 were as follows:

3. In charging the jury that the defendant was liable for punitive damages if it had consciously retained the minor in its service with the knowledge that plaintiff objected to it. (1) Punitive damages could not be recovered, but only actual damages. (2) It must .be shown that the defendant was notified that the parent was ready and willing to provide a home and support. (3) Such home and support should be a proper one, consistent with the earning power of the minor.

4. In charging that the jury should consider such additional amount, in addition to the minor's wages, as would reasonably compensate the parent for the loss of his society, when it appeared that the parent was living in the same locality and working in a neighboring mill.

5. In charging the jury as follows: "I will tell you, if you should find that the mother consented to the boy remaining in the employ of the mill she cannot recover, excepting if you become satisfied from the greater weight of the evidence that she thereafter objected and gave notice of her objection, the mill ought to have discharged him, and to retain him after that would subject them to liability for damages, both actual and punitive, the actual being for the time employed after the notice, even though she had originally consented to the boy's working"—the error being that it was not incumbent on defendant to discharge the minor, but only to pay the parent the value of the labor, and then only where it affirmatively appears that the parent furnished the minor a home and support. The statute was not intended to prevent all minors from working and receiving their wages, but only to enable parents who furnish a suitable home and support to minors to collect their earnings, and then only for such wages as accrued after the demand. .

*Mr. Wm. G. Sirrine,* for appellant, cites: *As to wilfulness:* 79 S. C. 211.    *Rights of parent:* Civil Code, sec. 3788; 14 Stats. 545; 24 Stats. 1029.

*Mr. J. Robert Martin,* for respondent, cites: *As to parent's rights:* 29 Cyc. 1679; 16 Am. St. Rep. 887; 4 S. C. L. (2 Brev.) 276; 13 S. C. L. (2 McC.) 227; 34 S. C. 522; 94 S. C. 309; 18 S. C. 513; 15 S. C. 52; 6 S. C. 227.    *Wilful act:* 94 S. C. 309.    *Actual damages:* 29 Cyc. 1682.

March 17, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by the plaintiff against the defendant for $5,000 alleged actual and punitive damages.    The com-plaint alleges that plaintiff is a widow and the mother of Marshall Simpson, a minor son 17 years of age, who, on March 21, 1914, and some time prior thereto, was employed by the defendant at $1.50 per day.    On that day, March 21, 1914, plaintiff moved to another manufacturing village, and directed defendant to cease the employment of her minor son, which instructions were disregarded by the defendant. The answer denied notice, but alleged plaintiff consented for her son to remain in the employ of the defendant, and alleged that the minor had the right to work for his own living, as the plaintiff had failed to furnish him a home and support.    At the close of the plaintiff's evidence a motion was made for a nonsuit as to punitive damages, as there was no evidence to sustain the allegation of wilfulness or wan-tonness, and also a motion for nonsuit as to the actual dam-ages.    These motions were refused.    At the close of all the evidence a motion was made by the defendant for a directed verdict in its behalf, which was refused.    The jury found a verdict for the plaintiff for $175.    After entry of judgment, defendant appeals.

The first exception complains of error in not granting a nonsuit as to punitive damages and in failing to direct a verdict for defendant as to punitive damages.

A reading of the complaint shows that the action was under the statute, and not under the common law. The plaintiff could have alleged such facts so as to try the case under the statute or common law, but there is no allegation as to loss of time, affection, being deprived of his company and companionship, and no allegation of enticement, and under the allegations of the complaint she was only entitled to recover the penalty provided for by statute. Neither the allegation nor proof in the case entitled her to recover anything other than the penalty provided for by the statute. His Honor was in error in not granting the nonsuit as to punitive damages. His Honor was in further error in the particulars complained of in exceptions 3, 4, and 5, as they were not responsive to the allegations of the plaintiff's complaint.

Judgment reversed.   New trial granted.

Mr. Chief Justice Gary and Messrs. Justices Fraser and Gage concur in the opinion of the Court.

Mr. Justice Hydrick dissents.